**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-30306
_____

DAVID M DUCHOW,

                    Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA; RICHARD BACA; JANICE
ELMORE,

                    Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-2121-L)

April 7, 1997

Before EMILIO M. GARZA, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Duchow appeals the dismissal of his various claims against the United States and officials of the U.S. embassy in Bolivia. After carefully reviewing the record, we find no error, and we affirm.

The district court dismissed Duchow's petition for a writ of mandamus because Duchow failed to show any clear, ministerial duty owed him by the United States government. The court also dismissed Duchow's petition for writ of habeas corpus because Duchow was not

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

in custody of the United States government nor of any state. Duchow's mandamus and habeas claims are without merit, and for the reasons articulated by the district court, we affirm their dismissal.

Duchow sued for injunctive relief, but failed to meet the four criteria required to justify such relief. We have held that, in order to merit injunctive relief, the petitioner must show irreparable injury, substantial likelihood of success on the merits, favorable balance of the hardships, and no adverse effect on the public interest. *Black Fire Fighters Association v. Dallas*, 905 F.2d 63, 65 (1990). The district court dismissed Duchow's plea for injunctive relief based on the Act of State Doctrine and because it held that the United States had not waived its sovereign immunity from suit. We do not reach those issues here, however. After a reviewing the record, we find that Duchow has failed to show a substantial likelihood of success on the merits and that both the balance of the hardships and the public interest weigh against his claims.

AFFIRMED.